IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., <br> AIS 000Z610 <br> <br>     Plaintiff, <br> <br> vs. <br> <br> MARK L. PETTWAY, *et. al.*, <br> <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIV. ACT. NO. 1:22-cv-271-TFM-N <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joe Nathan James, Jr., an Alabama death row inmate who is scheduled for execution on July 28, 2022, has filed a Complaint under 42 U.S.C. § 1983 (Doc. 1) along with a Motion to Proceed without Prepayment of Fees (Doc. 2), supported by a certificate of his prison account balance. Now before the Court is Plaintiff's Motion for Prepayment of Fees and review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.**      **MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action and has money available to him, the court shall assess and collect an initial partial fee.

Plaintiff submitted certified financial information that provides the Court with information necessary to determine the average monthly deposits to and average monthly balance of Plaintiff's inmate account prior to the filing of this complaint. The information reveals that Plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six-

month period immediately preceding the filing of the present complaint the average monthly deposits to Plaintiff's prison account were $0.00. Additionally, as of June 14, 2022, the average balance in Plaintiff's prison account was $3.17 and his current balance is $0.17. Thus, Plaintiff presently has insufficient fund in his prison account to pay an initial partial filing fee.

Therefore, in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and (b)(2), it is **ORDERED** that Plaintiff's **Motion to Proceed without Prepayment of Fees** (Doc. 2) is **GRANTED**.[1]

Because the Court has granted Plaintiff's Motion to Proceed without Prepayment of Fees and is proceeding *in forma pauperis*, the Court is required to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) and therefore service of process on the defendants is stayed. The Court turns now to Plaintiff's Complaint. *See* Doc. 1.

## II.   COMPLAINT

Plaintiff sues Defendants for taking him to and holding him at Holman Correctional Facility ("Holman") without an execution warrant in violation of his constitutional rights to due process and equal protection.

Plaintiff maintains that Mark Levie Pettway, the Sheriff of Jefferson County, Alabama ("the Sheriff") has twice delivered him to Holman prison, into the hands of Terry Raybon, the Warden of Holman ("the Warden"), without an execution warrant – that is, a warrant "issued from the clerk of the court which pronounced the sentence of death." Doc. 1 at 4. Plaintiff claims "it is

---

[1] At present, Plaintiff has insufficient funds in his prison account from which an initial filing fee can be assessed at this time. However, if those funds become available, Plaintiff shall make monthly payments of twenty percent (20%) of each preceding month's income and/or funds credited to his account as payments toward the $350 filing fee. The filing fee will be collected from any funds that become available to Plaintiff and will be forwarded to this court pursuant to the directives contained in this order.

mandatory that the Sheriff shall only deliver the Plaintiff into the hands of the Warden along with an execution warrant and it is made mandatory that the Warden at Holman prison shall only take receipt of the Plaintiff and the execution warrant together." *Id*. at 4, 9.  According to Plaintiff, the Sheriff took him to Holman on July 9, 1999 (after being sentenced to death by the Jefferson County Circuit Court) and July 7, 2021 (following a court hearing in Jefferson County), where the Warden took custody of Plaintiff and held him at Holman, both times without receiving an execution warrant.

Plaintiff requests that the Court order (1) "that no warrant shall issue in this matter" and (2) a preliminary injunction staying his execution because of the due process violations in this matter "that have resulted in a denial of equal protection." *Id*. at 7, 9.

### III.     STANDARD OF REVIEW UNDER 28 U.S.C. § 1915(E)(2)(B)

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014).  The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 678.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  In ascertaining whether Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B), the Court follows the same standard as it would when determining whether to dismiss an action under Rule 12(b)(6) for failure to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003). The Court assumes the truth of all Plaintiff's allegations for purposes of this determination. *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006).

### IV.  DISCUSSION AND ANALYSIS

The heart of Plaintiff's challenge is a stay of execution.  This relief is not cognizable in a § 1983 action and lies "within the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 79,

125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).  Simply stated, a claim that would "necessarily imply the invalidity of his conviction or sentence" may only be brought in a habeas petition.  *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").  In capital cases, relief which prevents the State from carrying out their execution "necessarily" implies the invalidity of the imposed sentence and cannot be brought in a section 1983 action.  *Cf. Nance v. Ward*, 142 S. Ct. 2214 (2022) (Inmate brought a method of execution challenge, identifying an alternate method of execution that was feasible but not authorized by his state's current law.  The Court held § 1983 to be the proper vehicle for the challenge, as the requested relief would not ultimately prevent inmate's death sentence but delay it while statutory changes were made.).  This is true whether the challenge is made to the judgment as a substantive matter or the procedures.  *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (Due process challenge "that the procedures were wrong, but not necessarily that the result was wrong" was not cognizable in § 1983 action because "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.").  Accordingly, relief of a permanent stay of execution, as requested by Plaintiff, would negate the sentence imposed by the state court and can only be maintained through § 2254 habeas petition.  *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [section] 2254 habeas petition, not a [section] 1983 civil rights action.").  Because Plaintiff cannot obtain the relief that he seeks in a § 1983 action, his action is frivolous as

a matter of law.[2] § 1915(e)(2)(B)(i).

To the extent Plaintiff's Complaint can be understood as requesting relief that delays his execution versus preventing it, his claim still fails and requires dismissal § 1915(e)(2)(B). The Court now addresses these additional reasons.

In a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights to state a claim upon which relief may be granted.[3] *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Thus, Plaintiff is required to show that each named defendant violated his right to due process and equal protection under the Fourteenth Amendment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1989) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982)). To state an Equal Protection claim, a plaintiff must (1) "show that the State will treat him disparately from other similarly situated persons," (2) "if a law treats individuals differently on the basis of a

---

[2]   Notably, any subsequent habeas petition brought by James (at this juncture) must meet the requirements of 28 U.S.C. § 2244(b)(3)(A). *Accord Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)) (per curiam). The Court already advised the Plaintiff of this in a recent habeas case which was dismissed. *See James v. Raybon*, Civ. Act. No. 1:22-cv-152-JB, Doc. 3 (S.D. Ala. Jun. 27, 2022).

[3]   To state a claim under § 1983, Plaintiff must establish that "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). It is undisputed in this action that Defendants were acting under color of state law at the time the actions complained of arose.

suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny, or (3) otherwise "must show that the disparate treatment is not rationally related to a legitimate government interest." *Arthur v. Thomas*, 674 F.3d 1257, 1263 (11th Cir. 2012) (internal modifications and citations omitted). Plaintiff fails to allege facts to support any element of an equal protection claim. Namely, the complaint is void of allegations that he is being treated differently than other inmates, specifically those sentenced to death or that he is part of a protected class. Nor has he alleged facts indicating discrimination or differing treatment that is not rationally related to a legitimate government interest. Here, the Court can find no facts or allegations to support an equal protection claim; thus, Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570. Accordingly, this claim is due to be dismissed.

The Due Process Clause of Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "A liberty interest may arise from the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies. . . ." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393, 162 L. Ed. 2d 174 (2005). Though not specifically stated in the Complaint, at issue here is Plaintiff's continued interest in life, which he maintains notwithstanding an impending execution. *See Ohio Adult Parole Auth. v. Woodward*, 523 U.S. 272, 281 (1998) (A death row inmate "maintains a residual life interest, e.g., in not being summarily executed by prison guards."); *see also id.* at 289 ("When a person has been fairly convicted and sentenced, his liberty interest, in being free from such confinement has been extinguished. But it is incorrect . . . to say that a prisoner has been deprived of all interest in his life before his execution.") (O'Connor, J., concurring in part)). Plaintiff premises his due process claim on Defendants' failure to follow proper statutory mandates

for delivering him to Holman as a prisoner condemned to death. However, Plaintiff fails to identify the statute on which he relies. It is well established that conclusory allegations without material supporting facts are insufficient to state a claim under section 1983. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555–57; *Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S. Ct. 1584, 140 L.Ed.2d 759 (1998). For this reason, he has failed to state a claim upon which relief may be granted and dismissal is warranted. *See* § 1915(e)(2)(B)(ii).

Though Plaintiff's claim lacks sufficient facts to identify the statute allegedly violated by Defendants, the Court notes that the language and phrasing used in the Complaint mirrors that used by Plaintiff's companion cases filed in this Court, *James v. Raybon*, Civ. Act. No. 1:22-cv-252, *James v. Raybon*, Civ. Act. No. 1:22-cv-253, and *James v. Raybon*, Civ. Act. No. 1:22-cv-270. The Court takes judicial notice that in those actions, Plaintiff alleged that the execution order under which his death sentence is currently being carried out is invalid, as it fails to comply with Ala. Code § 15-18-80, and he sues multiple defendants, including Warden Raybon and Sheriff Pettway, for their actions in issuing, delivering, accepting, and/or proceeding to execute him under an invalid order. In this current action, Plaintiff alleges, "it is mandatory that the Sheriff shall only deliver the Plaintiff into the hands of the Warden along with an execution warrant and it is made mandatory that the Warden at Holman prison shall only take receipt of the Plaintiff and the execution warrant together." Doc. 1 at 4, 9. The similarities to these allegations cannot be missed. Thus, given the gravity of Plaintiff's circumstances and Plaintiff's *pro se* status, the Court turns to § 15-18-80 for possible support of Plaintiff's claim. *Cf. Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). It states in pertinent part:

> (a) Whenever any person is sentenced to death, the clerk of the court in which the sentence is pronounced shall, . . . issue a warrant under the seal of the court for

> the execution of the sentence of death, . . . which shall be directed to the warden of the William C. Holman unit of the prison system at Atmore, commanding him to proceed, at the time and place named in the sentence, to carry the same into execution, as provided in Section 15-18-82, and the clerk shall deliver such warrant to the sheriff of the county in which such judgment of conviction was had, to be by him delivered to the said warden, together with the condemned person as provided in subsection (b) . . . in case of appeal to the Supreme Court of Alabama by the defendant and the suspension of execution of sentence by the trial court, . . . said warrant for the execution of the death sentence, under seal of the court, together with the person of the condemned shall be delivered within 10 days after such affirmation to the warden of Holman prison as provided above.
>
> (b) Immediately upon the receipt of such warrant, the sheriff shall transport such condemned person to the William C. Holman unit of the prison system at Atmore, shall there deliver him and the warrant aforesaid into the hands of the warden and shall take from the warden his receipt for such person and such warrant. . . .

ALA. CODE § 15-18-80.

Dependence on this statute is simply inappropriate. As previously discussed by this Court in Plaintiff's companion cases, Ala. Code § 15-18-80 once governed the housing and transportation of inmates sentenced to death and the issuance of execution orders but was superseded by Rule 8 of the Alabama Rules of Appellate Procedure, which provides *inter alia*:

> (1) *Death.* When pronouncing a sentence of death, the trial court shall not set an execution date, but it may make such orders concerning the transfer of the inmate to the prison system as are necessary and proper. The supreme court shall at the appropriate time enter an order fixing a date of execution, not less than 30 days from the date of the order, and it may make other appropriate orders upon disposition of the appeal or other review. The supreme court order fixing the execution date shall constitute the execution warrant.

ALA. R. APP. P. 8(d)(1); *see also* ALA. CODE § 15-1-1 (Legislature providing that provisions of Title 15 apply only if not governed by rules of practice and procedure adopted by the Supreme Court of Alabama); ALA. CODE § 15-18-80 Code Commissioner's Notes (specifying that Rule 8, Alabama Rules of Appellate Procedure, superseded portions of § 15-18-80); *Jones v. Allen,* 485 F.3d 635, 640 n.2 (11th Cir. 2007) ("[T]he Alabama Supreme Court is authorized to enter an order fixing an inmate's date of execution 'at the appropriate time.'") (citing ALA. R. APP. P. 8(d))).

Because Plaintiff has failed to show that Defendants have violated a state statutory law, he cannot state a claim of due process based on his asserted Complaint allegations.[4]

Furthermore, Plaintiff's claim that Defendant Pettway, or his predecessor, wrongly delivered him to Holman 22 years ago is barred by the statute of limitations. The Court hereby takes judicial notice of and incorporates by reference the analysis contained in its July 13, 2022 Order in *James v. Raybon*, Civ. Act. No. 1:22-cv-253, Doc. 10, determining that this claim is time barred. In summary, section 1983 actions are tort actions, governed by Alabama's two-year limitations period. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); ALA. CODE § 6-2-38. The statute of limitations period began to run at the time the cause of action accrued, that is when it was apparent or should have been apparent. *McNair*, 515 F.3d at 1173. Here, Plaintiff's cause of action accrued on or around July 9, 1999, the date he claims he was taken to Holman, and ended 2 years later. Accordingly, this suit was filed approximately 20 years after the occurrence of the alleged unconstitutional actions forming the basis of his claim and is time barred.

Based on the foregoing, this action is due to be dismissed without prejudice, prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief can be granted or as frivolous.[5]

---

[4] It is noteworthy and undisputed that Plaintiff's conviction and sentence are final, as he has completed the direct appeal, state postconviction review, and federal habeas review. A complete procedural history of Plaintiff's case can be found in this Court's previous opinions: *James v. Marshal, et al*, Civ. Act. No. 1:22-cv-241, Doc. 9; *James v. Raybon*, Civ. Act. No. 1:22-cv-252, Doc. 9; *James v. Raybon*, Civ. Act. No. 1:22-cv-252, Doc. 10.

[5] Because the Court determines the claim lacks merit and must be dismissed under 28 U.S.C. § 1915(e)(2)(B), it also follows that Plaintiff cannot receive a temporary restraining order or preliminary injunction and that request is inherently denied with the dismissal of this action. A temporary restraining order ("TRO") may be granted without notice if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent

V. CONCLUSION

Based on the above, it is **ORDERED**:

1. Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is **GRANTED**.

2. Plaintiff's custodian shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice,** prior to service, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

The Clerk of Court is **DIRECTED** to furnish a copy of this order to the account clerk at Holman Correctional Facility, to aid Plaintiff and his custodian in complying with the requirements of this order.

The Clerk is further **DIRECTED** to send a copy of this Memorandum Opinion and Order to the Plaintiff by overnight mail, to send a copy of this Memorandum Opinion and Order to Defendants, and, given the time constraints involved in this case, to send a copy of the Memorandum Opinion and Order to the warden by either electronic mail or facsimile with the instructions that a copy of this Memorandum Opinion and Order be given to the Plaintiff immediately upon receipt.

---

restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). Plaintiff fails to meet such requirements for a temporary restraining order. Moreover, the Court need not consider the issuance of a preliminary injunction because a required element is likelihood of success on the merits which the Court is determined Plaintiff cannot do. *See GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1262-63 (11th Cir. 2004).

**DONE** and **ORDERED** this 15th day of July 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE